**SCOURTES v. FRED W. ALBRECHT GROCERY CO.**

**Civ. No. 28116.**

United States District Court, Northern District Ohio, E. D.

Aug. 19, 1953.

56

Sindell & Sindell, Harry G. Fuerst, Harrison M. Fuerst, Michael A. Gerrard, Cleveland, Ohio, for plaintiff.

McKeehan, Merrick & Stewart, Ed. D. Crocker, Cleveland, Ohio, for defendant.

PER CURIAM.

The plaintiff brought this action to recover for personal injuries alleged to have resulted from the defendant's negligent maintenance of its premises. During the course of his preparation for trial the plaintiff filed a motion for production of certain documents, among which were the statements of various witnesses and any documents, specifications or reports of the illumination of the premises upon which he was injured. The defendant responded to these requests with the mere assertion that it had no such statements or documents which were not privileged.

After consideration of the motion the Court ordered the defendant to produce the items in question or to establish, by some affirmative showing, the privilege which it claimed. The defendant, thereupon, submitted the affidavit of one of its attorneys who stated that he was in possession of the statements of two witnesses, each of which statements was taken, at his instance and under his personal supervision; that the statements were procured in the course of counsel's preparation for trial and that they, therefore, constituted the "work product" of an attorney within the meaning of Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. The affiant further stated that he had procured a diagram showing the illumination of the premises in question and the diagram also constituted a "work product".

The plaintiff now moves the Court to strike the defendant's response to the motion and the affidavit of defendant's counsel, and for an order directing defendant to show cause for failure to comply with the Court's order of production.

Re-examination of the Court's order of production reveals quite clearly that the plaintiff has misconceived its purport. It was framed in the alternative—either produce the documents or establish the claim of privilege affirmatively. By the affidavit of counsel the defendant has attempted to establish the privilege and

has, thus, complied with the order. Nevertheless, the plaintiff's motion does pose the question of the validity of the defendant's claim of privilege or immunity as set forth in the affidavit of counsel.

■ The defendant also maintains, in support of its failure to produce the documents in question, that they are privileged under the law of Ohio and that Ohio law is applicable to the instant case under the decision in Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. It has already been decided in this court, however, that the question of privilege, within the meaning of Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A., as applied to Rule 34, is a matter of procedure to be determined in accordance with federal principles. Brookshire v. Pennsylvania R. Co., D.C.1953, 14 F.R.D. 154; Humphries v. Pennsylvania R. Co., D.C.1953, 14 F.R.D. 177; Panella v. Baltimore & Ohio R. Co., D.C.1951, 14 F.R.D. 196.

■ The decision by the Supreme Court in Hickman v. Taylor, supra, makes it clear that the documents which are sought by plaintiff do not fall within the protection of the attorney-client privilege. Thus, 329 U.S. at page 508, 67 S.Ct. at page 392, 91 L.Ed. 451, the Court stated:

"* * * the protective cloak of this privilege (attorney-client) does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation. Nor does this privilege concern the memoranda, briefs, communications and other writings prepared by counsel for his own use in prosecuting his client's case; and it is equally unrelated to writings which reflect an attorney's mental impressions, conclusions, opinions or legal theories."

This is not dispositive of defendant's full claim of protection, however.

In the Hickman case, the Court, while denying that the attorney-client privilege could be invoked in the circumstances of

that case, nevertheless, held that the trial preparation materials in question were immune from discovery, as constituting what the lower court had characterized the "work product of the attorney".[1] Thus, the protection granted in the Hickman case was predicated upon policy considerations distinctly different than those which form the basis for the attorney-client privilege.

Little difficulty is encountered in distinguishing between these concepts when the policy underlying each is perceived and appreciated. The purpose of the attorney-client privilege is to encourage full disclosure of information between an attorney and his client by guarantying the inviolability of their confidential communications. The "work product of the attorney", on the other hand, is accorded protection for the purpose of preserving our adversary system of litigation by assuring an attorney that his private files shall, except in unusual circumstances, remain free from the encroachments of opposing counsel.

Are the documents sought in this case the "work product" of an attorney and, as such, privileged against or exempt from discovery under applicable federal law?

■ The "work product" of an attorney consists only of impressions, observations and opinions which he has recorded and transferred to his file. Hickman v. Taylor, supra. It is the product of his investigation of a case in preparation for trial, in his capacity as attorney representing a client. It makes no difference whether he functions autonomously or in the employ of a corporation in its legal department, so long as he is actually engaged in trial preparation.[2] Likewise, the impressions, observations and opinions of a person hired by him and acting under his supervision and direction in the investigation of a case and its preparation for trial are part of his "work product". Alltmont v. United States, 3 Cir., 1949, 177 F.2d 971, certiorari denied, 1950, 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375; Berger v. Central Vt. Ry., D.C.Mass.1948, 8 F.R.D. 419; cf. Durkin v. Pet Milk Co., D.C.W.D.Ark.1953, 14 F.R.D. 385. The same is true of knowledge gained by an attorney through the efforts of an engineer or other expert whom he has employed to investigate matters of a technical or scientific nature. Colden v. R. J. Schofield Motors, D.C.N.D.Ohio 1952, 14 F.R.D. 521; see also: Schuyler v. United Air Lines, Inc., D.C.M.D.Pa.1950, 10 F.R.D. 111; Smith v. Washington Gas Light Co., D.C.D.C.1948, 7 F.R.D. 735. The essential element is that the legal talent and training of the attorney has been exercised in initiating and directing the investigation.

■ The written statement of a witness, whether prepared by him and later delivered to the attorney, or drafted by the attorney and adopted by the witness, is not properly considered the "work product" of an attorney. It records the mental impressions and observations of the witness himself and not those of the attorney. On the other hand, counsel's recordation of the oral statement of a witness is normally a part of his "work product", for it will include his analysis and impression of what the witness has told him. Hickman v. Taylor, supra, 329 U.S. at pages 512 and 519, 67 S.Ct. at page 385, 91 L.Ed. 451.

Reports of accidents, whether or not they include statements of persons who ultimately might become witnesses, when made in the regular course of business of a corporate party, are not made in

---

1. The term "work product of the attorney" has been variously characterized a "privilege", "exemption", or "immunity". It matters little what terminology is employed, however, so long as it is understood that the phrase encompasses something apart from confidential communications between client and attorney.

2. For a discussion of this problem, see: Taine, Discovery of Trial Preparations in the Federal Courts, 50 Colum.L.Rev. 1026, 1042 (1950).

preparation for trial and are not, therefore, protected. Panella v. Baltimore & Ohio R. Co., supra; Viront v. Wheeling & Lake Erie R. Co., D.C.N.D.Ohio 1950, 10 F.R.D. 45; Berger v. Central Vt. Ry., supra; Newell v. Capital Transit Co., D.C.D.C.1948, 7 F.R.D. 732.

■ The "work product" of an attorney is not in every instance immune from discovery. In rare situations, where relevant facts are unobtainable by other means, or are obtainable only under such conditions of hardship as would tend unfairly to prejudice the party seeking discovery, disclosure of "work product" may be compelled. Hickman v. Taylor, supra; Colden v. R. J. Schofield Motors, supra; see also Moore's Federal Practice, 2nd Ed., Vol. 4, p. 1131.

■ Where discovery of materials not the "work product" of an attorney is sought, the requirement is one of "good cause" for production under Rule 34. "Good cause" is present where the information is within the exclusive knowledge of an adversary, or where there is inequality of investigative opportunity, or where the adversary has taken the statement of a witness and that witness is hostile or is no longer available to the party seeking discovery. These factors, standing alone or in combination, will justify discovery if the other requirements of Rule 34 have been met.[3] The Rule clearly contemplates that "good cause" shall consist of something greater than a mere showing of relevancy.

■ Although it may be conceded that the written statements with which we are concerned in this case were taken by persons acting under the personal supervision of one of defendant's attorneys and in preparation for trial, those statements represent the impressions and observations of the witness and not those of counsel or his investigators. They are not, therefore, the "work product of the attorney". Nevertheless, plaintiff has failed to show the existence of "good cause" for the production of the statements. Nor is "good cause" revealed in the record. Plaintiff has been apprised of the names of the witnesses and has taken the deposition of one of them. He does not claim that either of the witnesses is hostile or unavailable. He was represented by counsel prior to the time the statements were taken so that his attorney had an equal opportunity to ascertain the names of witnesses and secure their statements.

■ The diagram showing the illumination of the premises in question was procured by one of defendant's attorneys from persons acting under his supervision and direction in preparation for the defense of this action. It, therefore, constitutes a part of his "work product" and need not be disclosed. Plaintiff has failed to show the exceptional circumstances which are required before the Court will order production of materials constituting the "work product" of an attorney.

Plaintiff's motion to strike and for an order to show cause is denied; production under Rule 34 is denied.

3. Foundry Equipment Co. v. Carl-Mayer Corp., D.C.N.D.Ohio 1951, 11 F.R.D. 302; G. & P. Amusement Co. v. Regent Theater Co., D.C.N.D.Ohio 1949, 9 F.R.D. 721 (Information within exclusive knowledge of adversary); Hesch v. Erie R. Co., D.C.N.D.Ohio 1952, 14 F.R.D. 518; Cannon v. Aetna Freight Lines, Inc., D.C.N.D.Ohio 1950, 11 F.R.D. 93 (Inequality of investigative opportunity); Brookshire v. Pennsylvania R. Co., supra (Hostility and unavailability of witnesses).