**Hugh N. CAIRNS, Plaintiff,**

v.

**CHICAGO EXPRESS, INC., Defendant.**

**Civ. No. 34363.**

United States District Court
N. D. Ohio, E. D.
March 29, 1960.

Craig Spangenberg and Donald P. Traci, Spangenberg, Hasenflue & Shibley, Cleveland, Ohio, for plaintiff.

Louis Paisley, Johnson, Weston, Blackmore, Cory & Hurd, Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

1. *Motion of Plaintiff to Produce Documents and Things.*

Plaintiff moves under Rule 34, Rules of Civil Procedure, 28 U.S.C.A., that defendant produce documents in the following categories:

(a) "All statements, including, but not limited to, all of the statements of Olin Colvin taken by the defendant or on its behalf or given to police."

(b) "All such statements used by the defendant in preparing answers to interrogatories previously filed by plaintiff herein."

(c) "The logs of Olin Colvin."

(a) Plaintiff was unable to interview or take the deposition of Colvin, the driver of defendant's truck, until two

and one-half years after the accident. Plaintiff also has been unsuccessful in obtaining from the police a copy of a statement allegedly given by Colvin. With this inequality of investigative opportunity, plaintiff has shown good cause for the production of any statements by Colvin to the defendant or to the police. Scourtes v. Fred W. Albrecht Grocery Co., D.C.N.D.Ohio E.D.1953, 15 F.R.D. 55, 59.

■ (b) The mere fact that the answers to some of plaintiff's interrogatories may appear to be inconsistent with the testimony in the deposition of the driver, Colvin, does not automatically establish good cause for the production of the materials used by the defendant in preparing such answers. There may, indeed, be varying versions and appraisals of the facts of the accident, but no good purpose would be served in launching a pre-trial inquiry as to the accuracy of a party's responses to interrogatories. Plaintiff is not entitled to production of all statements used by the defendant in preparing its answers to plaintiff's interrogatories, except as plaintiff may hereafter show good cause for the production of statements of specific witnesses.

■ (c) The logs are available only from defendant, and since they may contain relevant information they will be ordered produced.

Counsel for defendant has submitted an affidavit stating that, upon information and belief, the logs were discarded one year after the accident. If this material in fact has been destroyed, with no copies or microfilms known to be in existence, an affidavit from the officer or employee of the defendant responsible for such destruction should be submitted.

Plaintiff's motion is sustained as to items (a) and (c) and overruled as to item (b).

2. *Motion of Defendant to Require More Definite Answers to Interrogatories.*

Defendant will be ordered, in compliance with the order of Judge McNamee, entered on July 21, 1959, to furnish plaintiff with any further information available in response to plaintiff's interrogatories, including interrogatory No. 14.

3. *Motion of Defendant for Production of Documents.*

■ Defendant has moved, under Rule 34, that plaintiff be required to produce the statement of Charles Cairns, son of the plaintiff and a witness to the accident. Defendant states and plaintiff admits that Charles Cairns now resides in California. Plaintiff opposes production on the ground that Charles Cairns lived in Cleveland until recently, that defendant should have taken his statement during that time, and that, having failed to show that an effort was made to take Cairns' statement, defendant has not shown good cause for production of the statement taken by plaintiff.

Because of the lapse of time and the present unavailability of this witness, good cause exists for the production by the plaintiff of his statement. Scourtes v. Fred W. Albrecht Grocery Co., supra.

Production of all documents and information covered by the order will be made within ten days after the entry thereof.