Norfolk Southern Railway Company and Central of Georgia Railroad Company ("the railroads") petition for a writ of mandamus to review the trial court's order refusing to uphold their assertion of the work-product privilege in a wrongful-death action. We grant the petition and issue the writ.
 I. Factual Background and Procedural History
Joseph E. Green died as a result of a grade-crossing collision between the dump truck he was operating and a train owned and operated by the railroads. His wife, Regina Green, in her capacity as the executrix of his estate, filed a wrongful-death action against the railroads. In their answer, the railroads asserted the defense of contributory negligence. Green requested that the railroads produce any written statements prepared by investigators relating to the collision. The railroads objected, citing, among other grounds, the work-product privilege as set forth in Rule 26(b)(3), Ala. R. Civ. P.
In support of their objection, the railroads submitted an affidavit of a claims agent for Norfolk Southern, who testified that his department is a part of the legal department at Norfolk Southern and that he reported to both house counsel and outside counsel. The claims agent stated that he had investigated the accident made the basis of the action, that at the time he was investigating the accident he knew that a death had occurred as a result of the accident, and that he expected that a wrongful-death claim would be asserted on behalf of the estate of the decedent. The claims agent then stated that in anticipation of the litigation he took a recorded statement from the conductor of the train, that the purpose of taking the conductor's statement was to assist the attorneys for the railroads, and that when he took the statement he expected that the statement would be confidential. The trial court, after an in camera
inspection, ordered the railroads to produce the statement. The railroads petitioned for a writ of mandamus directing the trial court to recognize the applicability to the statement of the work-product privilege.
 II. Availability of Review by Petition for Writ of Mandamus and Standard of Review
In Ex parte Dillard Department Stores, Inc., 879 So.2d 1134
(Ala. 2003), this Court delineated when review of an order dealing with discovery is available by a petition for a writ of mandamus and the standard of that review, in light of Ex parteOcwen Federal Bank, FSB, 872 So.2d 810 (Ala. 2003):
 "Mandamus is an extraordinary remedy and will be granted only when there is `(1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court.' Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991). In Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810 (Ala. 2003), this Court announced that it would no longer review discovery *Page 292 
orders pursuant to extraordinary writs. However, we did identify four circumstances in which a discovery order may be reviewed by a petition for a writ of mandamus. Such circumstances arise (a) when a privilege is disregarded, see Ex parte Miltope Corp., 823 So.2d 640, 644-45 (Ala. 2001); (b) when a discovery order compels the production of patently irrelevant or duplicative documents the production of which clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit received by the requesting party, see, e.g., Ex parte Compass Bank, 686 So.2d 1135, 1138
(Ala. 1996); (c) when the trial court either imposes sanctions effectively precluding a decision on the merits or denies discovery going to a party's entire action or defense so that, in either event, the outcome of the case has been all but determined and the petitioner would be merely going through the motions of a trial to obtain an appeal; or (d) when the trial court impermissibly prevents the petitioner from making a record on the discovery issue so that an appellate court cannot review the effect of the trial court's alleged error. The burden rests on the petitioner to demonstrate that its petition presents such an exceptional case — that is, one in which an appeal is not an adequate remedy. See Ex parte Consolidated Publ'g Co., 601 So.2d 423, 426 (Ala. 1992)."
879 So.2d at 1136-1137. The railroads have sustained their burden of demonstrating the applicability of exception (a), above, i.e., that this is a case in which "a privilege is disregarded." Therefore, a petition for a writ of mandamus is available to review the trial court's discovery order.
 III. Analysis A. Overview
Green contends that the railroads' petition for the writ of mandamus is due to be denied because, she asserts, (a) the statement of a witness is not work product and is therefore not subject to the privilege and (b) the statement was prepared in the ordinary course of business and is therefore discoverable.
 B. The Applicability of the Work-Product Doctrine to the Statement of a Witness
Rule 26(b)(3), Ala. R. Civ. P., provides, in pertinent part, with respect to materials developed in the course of preparing for a trial:
 "(3) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) [`Trial Preparation: Experts'] of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."
Green relies upon Sims v. Knollwood Park Hospital,511 So.2d 154 (Ala. 1987), a case in which the defendant objected to the production of an "incident report" on the basis that it was prepared in anticipation *Page 293 
of litigation and that the plaintiff had made no showing of undue hardship. In Sims, this Court, reversing the trial court's denial of the plaintiff's discovery motion, stated:
 "A case analogous to the instant situation arose in Assured Investors Life Ins. Co. v. National Union Associates, Inc., 362 So.2d 228 (Ala. 1978). In that case, civil litigants sought to discover a transcript of a statement made by a person whose activities were being investigated by the district attorney's office. The district attorney's office opposed discovery of the document on the ground that it was the `work product' of that office. In deciding against that position, this Court stated, at 232:
 "`The "work product" argument is inapplicable because:
 "`"The written statement of a witness, whether prepared by him and later delivered to the attorney, or drafted by the attorney and adopted by the witness, is not properly considered the `work product' of an attorney. It records the mental impressions and observations of the witness himself and not those of the attorney." Scourtes v. Fred W. Albrecht Grocery Co., 15 F.R.D. 55, 58 (N.D.Ohio 1953), citing, Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).'"
511 So.2d at 156-57 (emphasis added).
The railroads distinguish Sims by pointing out that the document in question in that case was an "incident report" prepared by a nurse operating independently of counsel and that this Court in Sims held that production of the report was appropriate because the defendant hospital did not sufficiently establish that the document was prepared in anticipation of litigation. This Court stated:
 "The defendant's own description of the need for such `incident reports,' moreover, is revealing, for it states that `[t]his document is prepared when an incident occurs at the hospital which might result in some legal action.' That is to say, while `incidents' that in someone's opinion might result in legal action may not in themselves be routine, it is the routine of the hospital to make an `incident report' when such incidents do occur.
 "Of course, such a speculation as to possible litigation is not enough to cloak those reports with the protection given an attorney's work product."
Sims, 511 So.2d at 157.
The railroads correctly characterize the foregoing statement inSims, refusing to recognize a witness's statement as constituting work product, as dicta. Moreover, AssuredInvestors Life Insurance Co. v. National Union Associates, Inc.,362 So.2d 228 (Ala. 1978), the authority relied upon in Sims
for the foregoing statement, is an incorrect statement of the law, which this Court has sufficiently disregarded over the years so as to lead to the conclusion that it has been overruled subsilentio.
This Court's reliance in Assured Investors Life Insurance Co.
on Scourtes v. Fred W. Albrecht Grocery Co., 15 F.R.D. 55, 58
(N.D.Ohio 1953), for the proposition that a witness's statement is not work product is unsound. While the court in Scourtes
grounded its holding with a citation to Hickman v. Taylor,329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), the conclusion that a witness's statement taken by an attorney is not work product in fact conflicts with Hickman. An authoritative treatise dealing with the comparable federal rule, Rule 26(b)(3), Fed.R.Civ.P., criticizes Scourtes and similar cases as follows: *Page 294 
 "A few cases held that statements of witnesses taken by an attorney were not work product since they record the mental impressions and observations of the witness himself and not those of the attorney.
[Footnote citing, among other authorities, Scourtes, omitted]. Those cases could not be reconciled with the Hickman decision itself, in which discovery was denied of statements of this type, and the great bulk of authority was that statements of witnesses taken by an attorney were work product. [Footnote omitted]."
8 C. Wright, A. Miller R. Marcus, Federal Practice andProcedure: Civil 2d § 2024, at 357-58 (1994) (emphasis added). Of course, the involvement of an attorney as the person taking the statement is not a prerequisite to the qualification of the statement as work product, because Rule 26(b)(3), Ala. R. Civ. P., extends its protection to activities of a party's "representative" and expands on that term with illustrative references to a party's "attorney, consultant, surety, indemnitor, insurer, or agent."
Our recent cases have recognized that a witness's statement taken in anticipation of litigation is protected by Rule 26(b)(3). See, e.g., Ex parte Pfizer, Inc., 746 So.2d 960, 963
(Ala. 1999); Ex parte Howell, 704 So.2d 479 (Ala. 1997); Exparte Stephens, 676 So.2d 1307, 1312 (Ala. 1996), overruled onother grounds by Ex parte Henry, 770 So.2d 76 (Ala. 2000); andEx parte Royal Globe Ins. Co., 428 So.2d 634, 636 (Ala. 1983).
Other courts have reached a conclusion similar to the one we reached in Assured Investors Life Insurance Co. See, e.g.,State v. Zwicker, 151 N.H. 179, 191, 855 A.2d 415, 426 (2004):
 "While it is certainly true that work product may be found in an investigator's report, a witness statement, whether prepared by the witness or by an attorney or an agent of an attorney, should not automatically be considered work product if it records the observations of the witness rather than mental impressions, conclusions or legal theories of the attorney or investigator."
(Citing State v. Chagnon, 139 N.H. 671, 675-76, 662 A.2d 944,948 (1995).)
Professors Wright, Miller, and Marcus acknowledged and rejected the opposing view as follows:
 "Powerful arguments have been made that all statements of witnesses should be routinely discoverable. To the extent that such statements might sometimes be admissible in evidence, allowing access would recognize, as Hickman [v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)] did, that `it seems clear and long has been recognized that discovery should provide a party access to anything that is evidence in his case.' But in such circumstances it would also seem that a showing of need could be made. Wholesale access to all witness statements taken by a party could impinge important work-product protections. Surely an interrogatory asking a party to identify all persons interviewed would contravene work product. Yet automatic disclosure of witness statements would require revelation of the identities of all witnesses from whom the attorney decided to take a statement, thereby intruding into the heart of attorney trial preparation. At a minimum, then, requiring a party to turn over witness statements should focus on specified witnesses, and the existing need approach would ordinarily provide a suitable method for dealing with such circumstances."
8 Federal Practice and Procedure: Civil 2d § 2028 (footnotes omitted) (emphasis added). *Page 295 
The recorded statement of the conductor taken by the claims agent for the railroads can be treated as protected work product, assuming other applicable criteria, as discussed below, are satisfied. We hereby expressly overrule anything to the contrary in Sims and Assured Investors Life Insurance Co.
 C. The Adequacy of a Showing that the Statement Was Taken in Anticipation of Litigation
Green contends in her brief to this Court that "[i]t is clear from the affidavit of the claims agent that the statement he obtained from the conductor was done in the ordinary course of business." The railroads point out that Green did not make this argument in the trial court. Of course, if the record supports Green's contention, we can affirm the trial court. See Taylor v.Stevenson, 820 So.2d 810, 814 (Ala. 2001) (this Court "will affirm a trial court if it is right for any reason supported by the record").
The claims agent testified that, based upon his experience and training as a claims agent, when a fatality or a serious injury occurs in a grade-crossing accident, there is likely to be litigation regarding the accident. He further stated that at the time of the investigation he expected that a wrongful-death claim would be asserted by the decedent's estate. Green did not in any way contradict the testimony of the claims agent.
A likelihood of litigation exists in this proceeding that was not present in Assured Investors Life Insurance Co., in which preparing a report because an incident "might result in some legal action" created what the Court there described as "speculation as to possible litigation." This case is governed byEx parte State Farm Mutual Automobile Insurance Co.,386 So.2d 1133, 1136 (Ala. 1980), followed in Ex parte Royal GlobeInsurance Co., supra, 428 So.2d at 636, and in which this Court quoted with approval from Almaguer v. Chicago, Rock Island Pacific R.R., 55 F.R.D. 147, 149 (D.Neb. 1972), as follows:
 "`[S]tatements taken by a claim agent immediately after an accident are taken in anticipation of litigation. * * * The anticipation of the filing of a claim against a railroad, when a railroad employee has been injured or claims to have been injured on the job, is undeniable, and the expectation of litigation in such circumstances is a reasonable assumption.'"
386 So.2d at 1136 (emphasis added).
 D. Availability of the Rule 26(b)(3) Exception
Even if the work-product privilege applies, Rule 26(b)(3), Ala. R. Civ. P., recognizes an exception when the party requesting the material can show substantial need coupled with undue hardship. Green, however, has made no showing that she has substantial need of the materials to prepare her case and that she is "unable without undue hardship to obtain the substantial equivalent of the materials by other means." Rule 26(b)(3). Indeed, Green has already taken the deposition of the conductor and other members of the train crew operating the train at the time of the accident.
 IV. Conclusion
We grant the petition and issue the writ. The trial court is directed to set aside its order requiring production of the statement given by the conductor to the claims agent.
PETITION GRANTED; WRIT ISSUED. *Page 296 
NABERS, C.J., and HOUSTON, See, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.