Deon Henley sued Onyx Waste Services of Florida doing business as Onyx Waste Services Southeast, Inc. ("Onyx"), alleging an on-the-job injury and seeking workers' compensation benefits. Onyx filed a motion in the trial court to dismiss or, in the alternative, to transfer the action from Tuscaloosa County to Chilton County. That motion was denied by the trial court on October 26, 2006. Onyx then moved the trial court to reconsider that order; the trial court denied Onyx's motion to reconsider on January 12, 2007. Onyx petitioned our Supreme Court for a writ of mandamus on February 21, 2007. Our Supreme Court then transferred the petition to this court. We dismiss the petition.
Although neither party challenges this court's appellate jurisdiction, or addresses in detail the timeliness of Onyx's petition for a writ of mandamus, we must consider ex mero motu whether this court has jurisdiction over the petition.Goodyear Tire Rubber Co. v. Moore,900 So.2d 1239, 1240 (Ala.Civ.App. 2004), and Dunlop Tire Corp. v.Arch, 784 So.2d 1056, 1058 (Ala.Civ.App. 2000).
The dispositive jurisdictional question we must address is whether Onyx's petition for a writ of mandamus was timely filed. Importantly, unlike a postjudgment motion following a final judgment, a motion to reconsider an interlocutory order does not toll the presumptively reasonable time period that a party has to petition an appellate court for a writ of mandamus. Rule 21(a)(3), Ala. R.App. P., and Ex parteTroutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala. 2003). Rule 21(a)(3), Ala. R.App. P., provides: "The petition shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court or of a lower appellate court shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time."
In the present case the petition for a writ of mandamus was filed 40 days after the denial of Onyx's motion to reconsider, and 118 days after the trial court first denied Onyx's motion to dismiss or, alternatively, to transfer the action to Chilton County.
Onyx claims in its petition to this court that the trial court granted in part its motion to reconsider because the trial court agreed with Onyx that venue in Tuscaloosa County would not be proper under § 6-3-7(a)(3), Ala. Code 1975. We disagree that the trial court granted in part Onyx's motion; the trial court specifically stated that Onyx's motion to reconsider was denied. As a result, the entirety of the action will be tried in Tuscaloosa County. The trial court clarified the basis of its first order when it denied Onyx's motion to reconsider; it did not grant the motion in part.
Additionally, we note that this case is distinguishable from a situation in which a trial court withdraws its previous order because it was issued "by mistake" and then enters a new order providing the same relief as the first order. See Ex parteInternational Refining Manufacturing Co. d/b/aIRMCO, 959 So.2d 1084, 1089 (Ala. 2006) (holding that when a trial court effectively withdraws its previous order and then enters another order regarding the same subject matter and reaching the same result as the previous order, the date the second order is entered is the date from which the period in which a *Page 835 
party may petition for a writ of mandamus begins to run). In this case, the materials submitted to this court by Onyx do not indicate that the trial court withdrew its first order. Furthermore, in Ex parte International Refining Manufacturing, the trial court conducted a hearing within 42 days of the date it entered its original order compelling discovery and stated at that hearing that it had entered that order by mistake. 959 So.2d at 1089. In contrast, the hearing in this case on the motion to reconsider was not held within 42 days of the entry of the original order, and nothing in Onyx's petition indicates that the trial court withdrew its original order within 42 days of its entry.
When a petition for a writ of mandamus has not been filed within a presumptively reasonable time, the petition "shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time." Rule 21(a)(3), Ala. R.App. P. "The filing of such a statement in support of an untimely petition for a writ of mandamus is mandatory." Ex parte Fiber Transp.L.L.C., 902 So.2d 98, 100 (Ala.Civ.App. 2004) (citingEx parte Pelham Tank Lines, Inc., 898 So.2d 733, 736
(Ala. 2004), and Ex parte Troutman Sanders,866 So.2d at 550). Onyx has not included such a statement in its petition. Therefore, because the petition was not filed within a presumptively reasonable time and no statement constituting good cause for this court to consider the petition was filed, we must dismiss the petition.
PETITION DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.