Tamatha K. Norman ("the mother") and Elliott B. Norman ("the father") were divorced by a January 8, 1999, judgment of the trial court. Pursuant to the divorce judgment, the mother was awarded custody of the parties' three children and the father was ordered to pay $810 per month in child support.
On November 6, 2006, the mother filed a motion to modify the father's child-support obligation and a petition for contempt. The father answered on January 16, 2007, and on January 26, 2007, he filed a motion to stay the proceedings pursuant to the Servicemembers Civil Relief Act, 50 U.S.C App. § 501 et seq. In his motion to stay, the father claimed that he was engaged in active military service in the United States Navy and that he was stationed in Guam. On January 31, 2007, the trial court granted the father's motion to stay "until [the father] returns to the continental *Page 429 
United States, whether temporart[ly] or permanent[ly]," and placed the case on its administrative docket.
On February 15, 2007, the mother filed a motion to reconsider the trial court's order granting a stay. The trial court entered an order on February 22, 2007, denying the mother's motion to reconsider. On March 29, 2007, the mother appealed.
Ordinarily, an appeal will lie only from a judgment that conclusively determines all the issues before the trial court and ascertains and declares the rights of all parties involved.Bean v. Craig, 557 So.2d 1249 (Ala. 1990). In this case, the mother appealed from the denial of a motion to reconsider a motion to stay. An order denying a motion to reconsider a motion to stay is not a final, appealable order and, therefore, is an interlocutory order. It is well-settled that this court is without jurisdiction to hear an appeal from an interlocutory order. See Rule 5(a), Ala. R.App. P. ("Appeals of interlocutory orders are limited to those civil cases that are within the original appellate jurisdiction of the Supreme Court."); see also Shirt Depot v. Ritter,660 So.2d 1017 (Ala.Civ.App. 1995). Accordingly, because this court cannot consider appeals from nonfinal orders, we cannot consider this matter as an appeal. This court may elect to interpret the matter as a petition for a writ of mandamus, see Vesta FireIns. Corp. v. Liberty Nat'l Life Ins. Co., 893 So.2d 395
(Ala.Civ.App. 2003); however, for the reasons discussed below, we elect not to do so.
The proper means of seeking appellate review of an interlocutory order in this court is to petition for a writ of mandamus. See Ex parte C.L.J., 946 So.2d 880, 887
(Ala.Civ.App. 2006) ("A petition for a writ of mandamus is the appropriate method for reviewing an interlocutory order.");see also P.B. v. P.C., 946 So.2d 896 (Ala.Civ.App. 2006) (recognizing that the proper method of review of pendente lite orders is by a petition for a writ of mandamus). The presumptively reasonable time within which to file a petition for a writ of mandamus is the time in which an appeal may be taken, i.e., 42 days. Rule 21(a), Ala. R.App. P.; Ex parteFiber Transp., L.L.C., 902 So.2d 98 (Ala.Civ.App. 2004). The mother filed her notice of appeal 58 days after the trial court had entered its January 31, 2007, order granting a stay. If the mother had filed a petition for a writ of mandamus, it would have been filed outside the presumptively reasonable 42-day period. The motion to reconsider did not work to extend that presumptively reasonable time within which the mother could have filed a petition for a writ of mandamus. Ex parte FiberTransp., L.L.C., supra; Ex parte Troutman Sanders,LLP, 866 So.2d 547 (Ala. 2003). "[U]nlike a postjudgment motion following a final judgment, a motion to reconsider an interlocutory order does not toll the presumptively reasonable time period that a party has to petition an appellate court for a writ of mandamus." Ex parte Onyx Waste Servs. ofFlorida, 979 So.2d 833, 834 (Ala.Civ.App. 2007). Even if we were to treat the mother's appeal as a petition for a writ of mandamus, this court could not hear the matter because it was not timely filed.
Accordingly, the mother's appeal of the trial court's order denying her motion to reconsider the order granting the father's motion to stay is due to be dismissed.
The mother's request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur. *Page 430