MOORE, Judge.
Sherri B. Hoyt (“the petitioner”) petitions this court for a writ of mandamus directing the trial court to order EBSCO Industries, Inc., d/b/a Crown Products (“the respondent”), to produce a certain videotaped recording. We dismiss the petition as untimely filed.
The parties to this case are in the discovery stage of a workers’ compensation action. During the course of discovery, the petitioner requested that the respondent produce a videotaped recording (“the videotape”). The respondent objected to the production of the videotape. At a status conference on April 13, 2007, the trial court ordered that the respondent would be allowed to take the petitioner’s deposition before the respondent was required to produce the videotape. Subsequently, the petitioner filed a “motion to vacate or modify” the trial court’s April 13, 2007, order; the trial court purported to deny the motion on May 15, 2007. The petitioner filed her petition for a writ of mandamus with the Supreme Court of Alabama on June 20, 2007; that court subsequently transferred the petition to this court.
Although the issue has not been addressed by either party, this court must first determine whether it has jurisdiction over this petition. Ex parte Onyx Waste Servs. of Florida, 979 So.2d 833, 834 (Ala.Civ.App.2007). “Jurisdictional matters are of such importance that a court may take notice of them ex mero motu.” McMurphy v. East Bay Clothiers, 892 So.2d 395, 397 (Ala.Civ.App.2004); see also Ex parte Onyx Waste Servs., supra.
“The presumptively reasonable time within which to file a petition for a writ of mandamus is the time in which an appeal may be taken.” Norman v. Norman, 984 So.2d 427, 429 (Ala.Civ.App.2007). In the present case, the petition was filed 68 days after the trial court had entered its order allowing the respondent to depose the petitioner before producing the videotape. Accordingly, the petition was filed outside of the presumptively reasonable 42-day period. “The motion to [alter or vacate] did not work to extend that presumptively reasonable time within which the [petitioner] could have filed a petition for a writ of mandamus.” Norman, 984 So.2d at 429; see also Ex parte Onyx Waste Servs., 979 So.2d at 834. “ ‘[U]nlike a postjudgment motion following a final judgment, a motion to reconsider an interlocutory order does not toll the presumptively reasonable time period that a party has to petition an appellate court for a writ of mandamus.’ ” Norman, 984 So.2d at 429 (quoting Ex parte Onyx Waste Servs., 979 So.2d at 834).
*426 “When a petition for a writ of mandamus has not been filed within a presumptively reasonable time, the petition ‘shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.’ Rule 21(a)(3), Ala. R.App. P. ‘The filing of such a statement in support of an untimely petition for a writ of mandamus is mandatory.’ Ex parte Fiber Tramp., L.L.C., 902 So.2d 98, 100 (Ala.Civ.App.2004) (citing Ex parte Pelham Tank Lines, Inc., 898 So.2d 733, 736 (Ala.2004), and Ex parte Troutman Sanders[, LLP], 866 So.2d [547,] at 550 [ (Ala.2003) ]).”
Ex parte Onyx Waste Servs., 979 So.2d at 835.
The petitioner in this case did not include a “statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.” Rule 21(a)(3), Ala. R.App. P. “Therefore, because the petition was not filed within a presumptively reasonable time and no statement constituting good cause for this court to consider the petition was filed, we must dismiss the petition.” Ex parte Onyx Waste Servs., 979 So.2d at 835.
PETITION DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.