PITTMAN, Judge.
This mandamus proceeding arises out of a custody dispute currently pending in the Winston Juvenile Court. In April 2008, J.A.H. (“the mother”), an Alabama resident who is the mother of E.C.H., a minor child born in June 2006 (“the child”), filed a civil action in the juvenile court seeking an award of custody of the child. On June 13, 2008, the juvenile court entered an interlocutory order granting pen-dente lite custody of the child to the mother. The child’s paternal grandmother, C.J.A. (“the paternal grandmother”), then filed a motion to set aside the interlocutory order, which the juvenile court denied on July 17, 2008. The paternal grandmother then filed a petition for a writ of mandamus in this court on July 31, 2008, which was 14 days after the denial of the motion to set aside but was 48 days after the entry of the interlocutory custody order. In her petition, the paternal grandmother did not present a statement of good cause for her delay in filing her mandamus petition challenging the validity of the juvenile court’s custody order.
“Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).
Here, there are two impediments to the issuance of the writ. First, and most notably, the paternal grandmother did not file her petition within a presumptively reasonable time after the juvenile court had issued its interlocutory order awarding the mother pendente lite custody of the child. Rule 21(a)(3), Ala. R.App. P., provides that a petition for an extraordinary writ directed to an appellate court, such as this court, “shall be filed within a reasonable time” and that the presumptively reasonable time for filing a petition seeking review of a trial court’s order “shall be the same as the time for taking an appeal.” In juvenile actions, an appeal must be taken within 14 days of the entry of the judgment or order appealed from. Rule 4(a)(1)(E), Ala. R.App. P.; Rule 28(C), Ala. R. Juv. P. The paternal grand *1216 mother’s motion to set aside the juvenile court’s order does not affect the timeliness analysis because, “unlike a postjudgment motion following a final judgment, a motion to reconsider an interlocutory order does not toll the presumptively reasonable time period that a party has to petition an appellate court for a writ of mandamus.” Ex parte Onyx Waste Servs. of Florida, 979 So.2d 833, 834 (Ala.Civ.App.2007) (citing Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala.2003)). Onyx Waste Services further notes:
“When a petition for a writ of mandamus has not been filed within a presumptively reasonable time, the petition ‘shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.’ Rule 21(a)(3), Ala. R.App. P. ‘The filing of such a statement in support of an untimely petition for a writ of mandamus is mandatory.’ Ex parte Fiber Transp. L.L.C., 902 So.2d 98, 100 (Ala.Civ.App.2004) (citing Ex parte Pelham Tank Lines, Inc., 898 So.2d 733, 736 (Ala.2004), and Ex parte Troutman Sanders, [LLP,] 866 So.2d [547] at 550 [ (Ala.2003) ]).”
979 So.2d at 835. The failure either to file a petition within the presumptively reasonable time or to provide a statement of good cause for not timely filing the petition mandates denial of the requested relief. Id.; see also Ex parte Hoyt, 984 So.2d 424, 426 (Ala.Civ.App.2007).
In addition, the paternal grandmother has failed to demonstrate a clear right to a writ of mandamus directing the juvenile court to set aside its custody order. Although the paternal grandmother attached a copy of an order entered by a Florida trial court awarding temporary custody of the child to the paternal grandmother “for the indefinite future,” there is no indication that the mother or her representative was sent a copy of that order. The mother, in her response to the mandamus petition, has attached as an exhibit a copy of the petition filed by the paternal grandmother in the Florida court in which it is averred that the mother’s whereabouts are “unknown” and that she abandoned the child in July 2006. However, there is no indication that the mother’s parental rights have previously been terminated by a court of competent jurisdiction, and both the Parental Kidnaping Prevention Act (“the PKPA”), 28 U.S.C. § 1738A(e), and the Uniform Child Custody Jurisdiction and Enforcement Act in effect in Florida and Alabama (see Ala. Code 1975, § 30-3B-205(a), and Fla. Stat. Ann., § 61.518(1)) require that a parent must be afforded notice and an opportunity to be heard before entering an order affecting his or her custody rights.. As this court held in Ex parte Raywood, 549 So.2d 103, 104 (Ala.Civ.App.1989), when a custody order is entered by a court in another state without notice to a parent and without the parent’s having had a reasonable opportunity to be heard, the order is not made consistently with the PKPA, the order is not entitled to full faith and credit in this state’s courts, and Alabama is not required to decline jurisdiction over custody issues to the rendering state.
Based upon the foregoing facts and authorities, the paternal grandmother’s petition for a writ of mandamus is denied.
PETITION DENIED.
THOMPSON, P.J., and BRYAN, J., concur.
MOORE, J., dissents, with writing, which THOMAS, J., joins.